## Capristo v. Popernak

*Edward P. Zemprelli,* for plaintiff.
*Harry J. Cancelmi, Jr.,* for defendant.

TOOTHMAN, *P.J.,* May 9, 1983 — F. Jay Capristo, owner of a remodeled garage building in Greensboro, Greene County, Pa., brought an action of trespass against defendant, Louise Popernak, for damages caused while she was turning her car in front of it, she backed up into and through the front of the building. The case was heard by a jury, the liability having been conceded, the only question at trial was the amount of damages to be awarded. The jury returned a verdict in the amount of $9000. Afterwards, defendant filed a motion for a new trial, that the damages were excessive, for judgment n.o.v., and also a motion in opposition to the addition of delay damages pursuant to Rule 238(a) of Pa. R.C.P.

The only issue raised of importance is that concerning the addition of delay in substance provides for the addition of compensatory damages at 10

percent per annum by the court, which shall be computed from the date the complaint was filed or from a date one year after the action arose, whichever is longer, Such damages, it provides, shall not be allowable unless the verdict is for more than 125 percent of a standing, bona fide offer conditioned upon prompt cash payment, and in existence at the commencement of trial. The constitutionality of the rule was upheld by the Supreme Court in the case of Loudenberger v. Port Authority of Allegheny Co. 496 Pa. 52, 436 A.2d 147, App. dismissed (U.S.) 72 L.ed. 2d 462, 102 S. Ct. 2002, the court stating at p. 238:

"Rule 238 awards damages for delay only in cases where the defendant made no settlement offer prior to trial or where the defendant made an offer of settlement which was 25% less than the amount of the jury verdict. Such language clearly reflects a primary desire to encourage pre-trial settlement. In those instances where the settlement offer is not accepted and the jury verdict does not exceed the offer by 25%, the verdict is computed up to the date of the settlement offer, . . . . Undeniably, this rule serves to compensate the plaintiff for the inability to utilize funds rightfully due him, but the basic aim of the rule is to alleviate delay in the disposition of cases, thereby lessening congestion in the courts."

See also Salat v. Western Pennsylvania Hospital, 13 D.&C. 3d 82, and Rapp. v. Behm, 21 D.&C. 3d 746, where part of the delay was caused by court congestion and partly due to plaintiff causing the delay. Thus the argument of counsel for defendant that the rule is unconstitutional and that part of the delay was caused by plaintiff, and therefor not allowable is obviously without merit.

The further contention against its addition made by defendant, is that the rule was not complied with

in the instant case. Clearly this is erroneous. The rule plainly provides that the application of the rule is to be applied at the court's discretion, and is to be determined and affixed to the verdict award of the jury after it has been returned.

From the outset of the trial it was understood among counsel and the court that the court's instruction to the jury would concern itself with only the actual damages, and the delay damages if any, would be considered and computed by the court following the award. During the trial, following the oral argument by plaintiff's counsel, counsel for the defendant, at side bar, requested that in its charge, the jury should be instructed that "interest, inflation and the passage of time" have no bearing on their verdict, which he had stated should be considered. This the court refused, and charged only as to the actual and correct measure of damages for them to apply, making no reference to the delay damages. This approach is in accord with the wording of Rule 238(d) which states:

"The court may, and upon request of a party shall, charge the jury that if it finds for the plaintiff, it should not award the plaintiff any damages for delay because this is a matter for the Court."

Counsel did not request that this specific section of the rule be included in the charge, and therefor has waived its requirement. And our instruction that plaintiff should be compensated for the cost of the repairs, if they found that the injury was not of a permanent nature, did nothing to cause any enhancement of the award for delay damages, which is a matter exclusively reserved to the court to compute. And this brings the court to the place where its computation and addition must be considered. Under the terms of the rule, the time for determining delay damages commences one year after the

accrual of the action or from the date of its filing, whichever is later. The action accrued April 26, 1978, and was filed July 16, 1979. Therefore, from July 16, 1980 until trial and verdict on December 8, 1982, we compute the delay, with no substantial offer of compromise, to have been two years and four months, which when figured at ten percent per annum, brings the total to $2,100.

## ORDER

And now, this May 9, 1983, the motions of defendant are overruled, and the court orders that the sum of $2,100. delay damages shall be added to the verdict, and orders entry of additional judgment accordingly in the amount of $2,100.

TOOTHMAN, *P.J.*, September 19, 1983—Following a two day jury trial, on December 8, 1982, a verdict of $9,000 was awarded to the plaintiff for damages caused to his building by defendant's negligent use of her car. Post trial motions were filed, concerned mainly with the question of the allowability of delay damages on top of the verdict amount, under Rule 238(a) of Pa. R.C.P. In a full opinion on the subject the court overruled the motions, and awarded delay damages in the amount of $2,100, on May 9, 1983. Following this, exceptions were entered, plus a petition for reconsideration, application to vacate judgment, and stay proceeding pending reconsideration. The case was placed for argument, and heard on behalf of defendant.

The court has reviewed the several motions and is satisfied that the issue of delay damages was fairly and appropriately covered in the opinion of May 9, 1983.

## ORDER

And now, this September 19, 1983, the post judgment exceptions, petition and motions are dismissed.